UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                              Case No. 1-09-43929-dem

SUN-MING SHEU,                                                            Chapter 13

                                          Debtor.
-----------------------------------------------------------x
Appearances:

Stephan A. Katz, P.C.
Attorney for Debtor
111 John Street, Suite 800
New York, New York 10038

Michael D. Brofman, Esq.
Weiss & Zarett, P.C.
Attorneys for Respondent  Old Republic National Title Insurance Company
3333 New Hyde Park Road, Suite 211
New Hyde Park, New York 11042

**DECISION AND ORDER ON APPLICATION TO RESCIND FORECLOSURE SALE**

DENNIS E. MILTON
United States Bankruptcy Judge

**INTRODUCTION**

        The matter is before the Court on the application filed on May 20, 2009 of Sun-Ming Sheu (the "debtor") for an order to show cause why the Court should not rescind the foreclosure sale (the "Application") of property known as and located at 45-14 158th Street, Flushing, New York (the "Property").   In substance, the debtor claimed that the Property was property of the debtor's estate and that the foreclosure sale conducted on the day after the Petition Date violated the automatic stay. On May 28, 2009, creditor Old Republic National Title Insurance Company ("Old Republic") filed an Objection to the Application. For the reasons

set forth more fully below, the Court finds that the debtor has failed to establish that the automatic stay should be extended to include the Property. The Application is denied and the Temporary Restraining Order is dissolved. Pursuant to the request of counsel for Old Republic, which the Court granted at the hearing, the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P") shall not apply to this Decision and Order.

## JURISDICTION

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2) and the Eastern District of New York standing order of reference dated August 28, 1986. This Decision and Order constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr.P. 7052.

## FACTUAL BACKGROUND

On May 14, 2009, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. A foreclosure sale was scheduled pursuant to a Judgment of Foreclosure and Sale issued by the Supreme Court of the State of New York and was conducted on the following day, May 15, 2009. On May 20, 2009, this Court issued an order to show cause why this Court should not rescind the foreclosure sale of the Property and issued a Temporary Restraining Order staying the foreclosure sale of the Property.

Old Republic is the successor in interest and assignee of the equitable mortgage held by Centrex Home Equity on the Property. On May 28, 2009, counsel for Old Republic filed an Objection to the Motion to Rescind the Foreclosure Sale (the "Objection"). On June 2, 2004, counsel for the debtor filed an affirmation in support of the Application. On June 4, 2009, the Court conducted a hearing on the Application, and reserved decision.

## DISCUSSION

### The Automatic Stay of Section 362 of the
### Bankruptcy Code Does not Extend to the Property.

It is well settled that Section 362 of the Bankruptcy Code provides an automatic stay for the debtor to protect the debtor from its creditors. Teachers Inc. & Annuity Ass'n v. Butler, 803 F.2d 61 (2d Cir. 1986).  In the Application, the debtor argued that because he resides at the Property and is the sole owner of the shares of a Delaware corporation, QQ Network Corp. ("QQ Network"), in which title to the Property is vested, the protection of the automatic stay afforded to him should be extended to the Property.[1]  In advancing this position, the debtor relies on language in the decision in In re McCormick, 381 B.R. 594, 601(Bankr. S.D.N.Y. 2008).  In In re McCormick, the Court noted that while "most, if not all, courts consider the extension of the automatic stay under Code Section 362(a) to a non-debtor to be extraordinary relief," courts have extended the stay to a non-debtor "in circumstances where the debtor is a corporation and the non-debtor is an individual or related corporation deemed necessary for the reorganization of the debtor corporation." Id.

However, the debtor here is not a corporation but an individual who seeks to extend the stay to a wholly owned non-debtor entity.  Under such circumstances, courts have rarely extended the stay.  Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282 (2d Cir. 2003);   In re McCormick, 381 B.R. at 602;  *See also* In re Calhoun, 312 B.R. 380 (N.D. Iowa 2004); In re Murray, 147 B.R. 688, 690 (Bankr. E.D.Va. 1992); In re Russell, 121 B.R. 16, 17 (Bankr. W.D.Ark. 1990); In re Normandin, 106 B.R. 14, 16(Bankr. D.Mass. 1989).

---

[1]  The debtor is not the owner of the Property and is not personally liable to Old Republic with respect to the secured debt.

Moreover, even were this Court to find that the debtor is the sole shareholder of QQ Network, that finding alone would not result in a ruling in the debtor's favor. In forming a separate entity, the debtor revealed his intent to treat the QQ Network entity as distinguishable from himself so he could protect his personal assets from QQ Network's creditors and QQ Network's assets from his personal creditors. Pursuant to the Delaware General Corporation Law, Section 159, the shares of stock in every corporation shall be deemed personal property. DEL. CODE ANN. tit. 8, § 159 (2009). Therefore, the debtor's property interest in the QQ Network would be confined to the intangible rights of ownership allowed under the Delaware law. The debtor did not provide any satisfactory explanation why he did not have the corporation file its own bankruptcy case and therefore invoke the automatic stay on behalf of the company. As of the hearing date, the debtor had not filed his Chapter 13 plan and had failed to provide any evidence of how the extension of the stay would affect his ability to reorganize. See In re McCormick, 381 B.R. at 601.

The Application is denied, and the Temporary Restraining Order is dissolved. In addition, the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, which provide for a ten day stay of this Decision and Order, are not applicable to this Decision and Order.

## CONCLUSION

For the reasons set forth above, the Court finds no basis to extend the automatic stay provided to the debtor to the debtor's wholly owned non-debtor corporation, QQ Network. Because the automatic stay does not extend to QQ Network's assets, the Court denies the debtor's application to rescind the foreclosure sale. In view of this determination, the Court hereby dissolves the Temporary Restraining Order.

       In addition, the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, which provide for a ten day stay of this Decision and Order, are not applicable to this Decision and Order.

       IT IS SO ORDERED.

Dated: Brooklyn, New York
       June 16, 2009

       S/Dennis E. Milton
       DENNIS E. MILTON
       United States Bankruptcy Judge

To:    Stephan A. Katz, P.C.
       Attorney for Debtor
       111 John Street, Suite 800
       New York, New York 10038

       Michael D. Brofman, Esq.
       Weiss & Zarett, P.C.
       Attorneys for Respondent  Old Republic National Title Insurance Company
       3333 New Hyde Park Road, Suite 211
       New Hyde Park, New York 11042

       Michael J. Macco, Esq.
       Chapter 13 Trustee
       135 Pinelawn Road, Suite 120 South
       Melville, New York 11747